**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MICHAEL SANDERS, | : | |
| | : | Civil Action No. 13-3277 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GARY M. LANIGAN, | : | |
| | : | |
| Defendant. | : | |

**BUMB, District Judge:**

    This matter comes before the Court upon Plaintiff's submission of a civil complaint ("Complaint"), seeking relief under 42 U.S.C. § 1983, and Plaintiff's application to prosecute this matter in forma pauperis. See Docket Entry No. 1. Based upon Plaintiff's affidavit of indigence, the Court will grant him in forma pauperis status, pursuant to 28 U.S.C. § 1915(a), and will order the Clerk of the Court to file the Complaint. In conjunction with the foregoing, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether Plaintiff states cognizable claims or whether the complaint should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

For the reasons detailed below, the Complaint will be dismissed as meritless, and no leave to amend will issue.

I.  PLAINTIFF'S ALLEGATIONS

The Complaint is pithy.  All that Plaintiff has alleged is his belief that his due process rights must have been violated by the Department of Corrections because: (a) Plaintiff was sentenced under New Jersey state law pursuant to the "No Early Release Act" ("NERA"), N.J. Stat. Ann. 2C:43-7.2 (which imposes a mandatory minimum term of imprisonment); and (b) he was either earning or entitled to earn so-called "work credits" which, because of the operation of the NERA, could not be applied to – and, thus, reduce – his sentence.  Plaintiff, therefore, asserted that he was entitled to monetary compensation for the "work credits" that could not be applied to him by operation of the NERA.  As a remedy in this action, Plaintiff seeks monetary compensation for credits earned.  See Docket Entry No. 1, at 3.  He named, as the sole Defendant in this action, the Commissioner of the Department of Corrections, clarifying that this designation was made solely on the basis of the Commissioners supervisory position.  See id.

II. STANDARD OF REVIEW

In determining the sufficiency of a pro se complaint, the Court must construe it liberally.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court need not, however, credit a pro

se plaintiff's "bald assertions" or "legal conclusions." Id. The Court must "take note of the elements a plaintiff must plead to state a claim," Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009), and accept as true all of a plaintiff's well-pleaded factual allegations, see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009), while disregarding any conclusory allegations. See id. Once the well-pleaded facts have been distilled and the conclusory allegations are fully factored out, the Court must determine whether these well-pled facts "are sufficient to show that plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (quoting Iqbal, 556 U.S. at 679).

III. STATUTORY AND REGULATORY BACKGROUND

Plaintiff's claim cannot be properly assessed without a brief review of the relevant statutory and regulatory provisions. The "Parole Book" issued by New Jersey State Parole Board clarifies as follows:

> How do I get time off (reduce) my eligibility date?
>
> There are four (4) other kinds of credits that will take time off (reduce) a parole eligibility date if you do not have a mandatory-minimum term:
>
> (a) Commutation Credits ("Good Time" [Credits]): Commutation credits are determined based on a statutory schedule [providing a formula for their calculation]. You can lose some or all of these credits if you are found guilty of a disciplinary charge(s). . . .
>
> (b) Work Credits: For every five (5) days you work, you earn one work credit [that is, a reduction of your prison term, not a monetary remuneration].

http://www.state.nj.us/parole/docs/AdultParoleHandbook.pdf.[1]

The statute underlying this rule provides:

> Each adult inmate sentenced to a term of incarceration . . . shall become primarily eligible for parole after having served [his/her] statutory mandatory minimum term, or one-third of [his/her] sentence imposed where no mandatory minimum term has been imposed less commutation time . . . and credits for . . . . [C]ommutation and work credits shall not in any way reduce any . . . mandatory minimum term and such credits accrued shall only be awarded *subsequent to the expiration of the term*.

N.J. Stat. Ann. § 30:4-123.51(a).

Hence, the phrase "work credit" is a term of art implying not a salary-like monetary compensation but a prison-term reduction allowed to eligible inmates who perform work. See Merola v Dep't of Corr., 285 N.J. Super. 501, 509-510 (N.J. Super. Ct. App. Div. 1995), certif. denied, 143 N.J. 519 (1996) ("The Legislature has enacted unambiguous statutes prohibiting the reduction of mandatory minimum sentences through the application of commutation and work credits. . . . The Administrative Code reiterates this statutory mandate [and] provides that '[i]n no case may commutation credits [or] work credits be used to reduce a maximum sentence to a period of incarceration that is less than the judicial or statutory

---

[1] Accord N.J. Stat. Ann. § 30:4-92 ("Compensation for inmates . . . may be in the form of cash or remission of time from sentence or both. Such remission from the time of sentence shall not exceed one day for each five days of productive occupation . . . .").

4

mandatory minimum term'") (citations and original ellipsis omitted).

IV. DISCUSSION

Plaintiff invites this Court to, <u>de</u> <u>facto</u>: (a) circumvent the bar imposed by the state statutory regime; and (b) "convert" the prison-term reduction to which Plaintiff *is not eligible* into monetary damages to which Plaintiff would be eligible. This Court declines to do so.

To start, a suit by a private party seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. <u>See</u>, <u>e.g.</u>, <u>Edelman v. Jordan</u>, 415 U.S. 651, 663 (1974); <u>accord</u> <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities, <u>see</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985), and Section 1983 cannot override a state's Eleventh Amendment immunity. <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332 (1979). Hence, for this reason alone, Plaintiff's claim against the Commissioner (or Department of Corrections, or the State of New Jersey, or its

Legislature or Parole Board, if these entities were implied as defendants in this matter) must be dismissed.[2]

Next, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are "persons" within the meaning of § 1983.[3]  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989).

Furthermore, the New Jersey state court clarified that only an inmate, who is subject to a mandatory minimum term who: (a) earns work credits; *and* (b) whose mandatory minimum term expires, "may be entitled to payment for [the] work he performs [if] he does not receive the benefit of remission of his sentence" on the basis of these work credits.  Salvador v. Dep't of Corr., 378

---

[2] In addition, Plaintiff's claims against the Commissioner, based solely on the theory of respondeat superior, are facially deficient and must be dismissed as such.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."  Solan v. Ranck, 326 F. App'x 97, 100-01 (3d Cir. 2009), cert. denied, 558 U.S. 884 (2009); see also Iqbal, 556 U.S. at 676 (same).

[3] Hence, Plaintiff's claim against the Commissioner (or Department of Corrections, or the State of New Jersey, or its Legislature or Parole Board, if they entities were implied as defendants in this matter) must be dismissed on this ground too.

N.J. Super. 467, 470 (N.J. Super. Ct. App. Div.) (citing N.J.S.A. 30:4-92), certif. denied, 185 N.J. 295 (2005).[4]

Moreover, Plaintiff has no constitutional right to "re-negotiate" his terms of employ; in fact, Plaintiff has no constitutional right in obtaining or retaining any form of prison employment. See Mimms v. U.N.I.C.O.R., 2010 U.S. Dist. LEXIS 20389 (D.N.J. Mar. 8, 2010), aff'd 386 F. App'x 32 (3d Cir. 2010); see also Bulger v. United States Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995); James v. Quinlan, 866 F.2d 627 (3d Cir. 1989); Garza v. Miller, 688 F.2d 480, 486 (7th Cir. 1982); Johnson v. Fauver, 559 F. Supp. 1287, 1290 (D.N.J. 1983); Merola, 285 N.J. Super. at 513 (relying on Wolff v. McDonnell, 418 U.S. 539, 557 (1974), for the due process "work credit" analysis). A fortiori, Plaintiff has no constitutional right in obtaining an employment with the set of compensatory terms to his liking.

Finally, while the type of claim raised by Plaintiff here is an infrequent one, the courts in this District have consistently rejected it as meritless. See Geiger v. Balicki, 2012 U.S. Dist.

---

[4] Since, here, the Complaint makes it abundantly clear that Plaintiff has not served his minimum term, he is not entitled to the funds under the Salvador rule. Accord https://www6.state.nj.us/DOC_Inmate/details?x=1044419&n=0 (indicating that Plaintiff is serving a prison term imposed on November 15, 2002, and his mandatory minimum period under that sentence is 12 years, 9 months and 1 day). Once Plaintiff's mandatory minimum term is completed, he may file a new and separate Section 1983 complaint asserting the facts underlying his Salvador-based claim, if any.

7

LEXIS 53849 (D.N.J. Apr. 17, 2012); Johnson v. New Jersey Dep't of Corr., 2006 WL 1644807 (D.N.J. June 02, 2006); see also Lawton v. Ortiz, 2006 U.S. Dist. LEXIS 66905 (D.N.J. Sept. 18, 2006).

In sum, Plaintiff's allegations will be dismissed as asserting a challenge against an official immune from the requested relief or, in alternative, for failure to state a substantive claim upon which relief can be granted.

V.  LEAVE TO AMEND

Before conclusively dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), the courts must consider whether a leave to amend should issue in light of the facts and claims raised in each particular matter. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002); see also Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, this Court's issuance of leave to amend would be futile since his Complaint states all the relevant facts and makes it abundantly clear that these facts cannot support a viable challenge.  Therefore, no leave to amend will issue. See Foman, 371 U.S. at 182; see also Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000); Coventry v. U.S. Steel Corp., 856 F.2d 514, 519 (3d Cir. 1988).

VI. CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed in this matter in forma pauperis will be granted. His Complaint will be dismissed; such dismissal will be with prejudice.

An appropriate Order follows.

                                                s/Renée Marie Bumb
                                                **RENÉE MARIE BUMB**
                                                **United States District Judge**

Dated: January 7, 2014